PW:SBK:KAN
F. #2003R01661
F. #2004V01553

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -

JUAN CARLOS RAMIREZ-ABADIA,
    also known as "Chupeta," and
DIEGO VARONA,
    also known as "Chuqui" and
    "Oscar,"

              Defendants.

- - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 21 2004 ★
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 04-1064 (S-1)(SLT)
(T. 21, U.S.C., §§ 846,
841(b)(1)(A)(ii)(II),
848(a), 848(c), 952(a),
959(c), 960(a)(1),
960(a)(3),
960(b)(1)(B)(ii), 963 and
853(p); T. 18, U.S.C., §§
2 and 3551 et seq.)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

1.  In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that they committed violations of Title 21, United States Code, Sections 841(a)(1), 846, 848(e)(1)(A), 952(a), 959(a) and 963, including violations one through seven set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, in concert with five or more other persons, with respect to

whom the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA occupied positions of organizer, supervisor and manager, and from which continuing series of violations the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

<u>Violation One</u>
(Murder of Gladys Claudio-Arce)

2.   On or about March 5, 1993, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, while engaged in offenses punishable under Sections 841(b)(1)(A), 846, 960(b)(1) and 963 of Title 21 of the United States Code, to wit, (1) conspiracy to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, and (2) conspiracy to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, did knowingly and intentionally kill, and counsel, command, induce, procure and cause the intentional killing of, another person, to wit, Gladys Claudio-Arce, and such killing did result, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

<u>Violation Two</u>
(Murder of Vladimir Biegelman, also known as "The Russian")

3.   On or about December 2, 1993, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, while engaged in offenses punishable under Sections 841(b)(1)(A), 846, 960(b)(1) and 963 of Title 21 of the United States Code, to wit, (1) conspiracy to distribute and possess with intent to distribute a controlled substance, which involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, and (2) conspiracy to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, did knowingly and intentionally kill, and counsel, command, induce, procure and cause the intentional killing of, another person, to wit, Vladimir Biegelman, also known as "The Russian," and such killing did result, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

<u>Violation Three</u>
(Conspiracy to Distribute Cocaine)

4.   In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, did knowingly and

intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### Violation Four
(Conspiracy to Import Cocaine)

5. In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963.

### Violation Five
(International Distribution Conspiracy)

6. In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully

imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), all in violation of Title 21, United States Code, Section 963.

Violation Six
(Distribution of and Possession with
Intent to Distribute Cocaine)

7. In or about and between December 2000 and August 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

Violation Seven
(Importation of Cocaine)

8. In or about and between December 2000 and August 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA and DIEGO VARONA, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 952(a) and Title 18, United States Code, Section 2.

(Title 21, United States Code, Section 848(a) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

### COUNT TWO
(Conspiracy to Possess with
Intent to Distribute Cocaine)

9. In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

### COUNT THREE
(Conspiracy to Import Cocaine)

10. In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and

intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(International Distribution Conspiracy)

11. In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNTS FIVE THROUGH EIGHT
(International Distribution of Cocaine)

12. In or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES |
|---|---|
| 5 | December 2000 and August 2001 |
| 6 | December 2000 and August 2001 |
| 7 | December 2000 and August 2001 |
| 8 | December 2000 and August 2001 |

(Title 21, United States Code, Sections 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNTS NINE THROUGH TWELVE
(Importation of Cocaine)

13. In or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," and DIEGO VARONA, also known as

"Chuqui" and "Oscar," together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES |
|---|---|
| 9 | December 2000 and August 2001 |
| 10 | December 2000 and August 2001 |
| 11 | December 2000 and August 2001 |
| 12 | December 2000 and August 2001 |

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

ADDITIONAL ALLEGATIONS AS TO COUNTS ONE THROUGH TWELVE

14. The allegations contained in Counts One through Twelve are hereby realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference into Counts One through Twelve.

15. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the

course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

  a. The offense involved at least 150 kilograms of cocaine (U.S.S.G. § 2D1.1(c)(1)).

16. The defendant JUAN CARLOS RAMIREZ-ABADIA, also known as "Chupeta," was an organizer and leader of criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(a)).

17. The defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," was a manager and supervisor of criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE</u>

18. The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS TWO THROUGH TWELVE</u>

20. The United States hereby gives notice to the defendants charged in Counts Two through Twelve that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, such offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK