UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-

JUAN CARLOS RAMIREZ-ABADIA,
  also known as "Chupeta,"

   Defendant.
- - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

CR 04-1064 (S-3)(SLT)
CR 93-079 (EGS)

   WHEREAS, in the above-captioned criminal actions, the United States of America sought, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 1963, the forfeiture of any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 848 and 18 U.S.C. § 1962; property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 848; any interest in, claim against, and property or contractual rights affording a source of control over the continuing criminal enterprise in violation of 21 U.S.C. § 848; property acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, securities of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise the defendant has established in violation of 18 U.S.C. § 1962; and/or substitute assets under 21 U.S.C. § 853(p) and 18 U.S.C. § 1963(m); and

WHEREAS, on March 1, 2010, the defendant, JUAN CARLOS RAMIREZ-ABADIA, entered a plea agreement with the United States, and agreed, <u>inter alia</u>, to plead guilty to: Count One of the Indictment in <u>United States v. Juan Carlos Ramirez-Abadia</u>, Criminal No. 93-079 (EGS), charging him with racketeering, in violation of 18 U.S.C. § 1962(c); and Count One of the Third Superseding Indictment in <u>United States v. Juan Carlos Ramirez-Abadia</u>, Criminal No. 04-1064 (S-3)(SLT), charging him with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848; and

WHEREAS, the defendant, JUAN CARLOS RAMIREZ-ABADIA, <u>inter alia</u>, has as part of his plea agreement with the United States, dated March 1, 2010, agreed to forfeit to the United States all right, title and interest in $10 billion in U.S. currency, and other property, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 1963, as property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 848 and 18 U.S.C. § 1962; property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 848; any interest in, claim against, and property or contractual rights affording a source of control over the continuing criminal enterprise in violation of 21 U.S.C.

§ 848; property acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, securities of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise the defendant has established in violation of 18 U.S.C. § 1962; and/or substitute assets under 21 U.S.C. § 853(p) and 18 U.S.C. § 1963(m); and

WHEREAS on March 1, 2010 this Court conditionally accepted the defendant's guilty plea.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 21 U.S.C. § 853, 18 U.S.C. §§ 1963, 3554, and Fed. R. Crim. P. 32.2, the plea agreement, and guilty plea, which have been accepted by this Court, the defendant, JUAN CARLOS RAMIREZ-ABADIA, shall forfeit to the United States the total amount of $10 billion in U.S. currency ("the Forfeiture Money Judgment"). The Defendant is liable to the United States for the Forfeiture Money Judgment and shall fully assist in effectuating payment of the Forfeiture Money Judgment.

2. In partial satisfaction of the Forfeiture Money Judgment, and in addition to any and all properties that have been or will be seized, restrained, and/or forfeited to the governments of Colombia or Brazil (hereinafter "the Foreign Properties"), the defendant shall forfeit any and all right, title and interest in the following properties and all proceeds

traceable thereto (hereinafter collectively "the Forfeited Properties"):

(a) $1.2 million in U.S. currency, which shall be paid by the defendant to the United States as follows: $200,000.00 in U.S. currency within six months of the defendant's guilty plea and the balance to be paid in full no later than a year after the defendant's guilty plea;

(b) approximately $5 million in U.S. currency, which the Financial Disclosure Statement sworn to by the defendant on November 18, 2009, represents was held in Lichtenstein and seized by the government of Lichtenstein;

(c) any and all funds (including any and all accrued interest) currently frozen and/or blocked by any financial institutions as a result of the designations by United States Department of Treasury's Office of Foreign Assets Control (OFAC) of the defendant, his relatives, family members, any associated individuals, and/or his associated and/or related entities,' as a Specially Designated Narcotics Trafficker (SDNT), on or about August 18, 2000, August 29, 2006, August 15, 2007 and October 10, 2007; and

(d) any and all funds that may be recovered in the future by the United States, or the governments of Brazil, Colombia, or any other nation, pursuant to the consented to Restraining/Protective Orders, dated January 4, 2008, entered by

the United States District Court for the Eastern District of New York in connection with CR 04-1064 (S-3)(SLT); and the Restraining Order, dated January 9, 2008, entered by the United States District Court for the District of Columbia in connection with CR 04-126 (EGS), (translated and certified copies of which were sent by the United States' Office of International Affairs to the Brazilian Authorities on or about January 23, 2008, pursuant to the February 21, 2001 Treaty Between the United States and Brazil on Mutual Legal Assistance in Criminal Matters), seeking to restrain $36 million in U.S. currency and Euros which, according to the defendant's representations to law enforcement, was located in a black SUV vehicle in Brazil, but, according to the defendant, has since been stolen.

3. In addition to the Forfeiture Money Judgment, Foreign Properties, and Forfeited Properties, the defendant shall forfeit any and all of his interests in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise and racketeering enterprise, identified as "The Ramirez-Abadia Organization" and/or "The Norte Valle Cartel," including, but not limited to, any real property, including things growing on, affixed to, and found in land, and tangible and intangible personal property, including rights, privileges, interests, claim, and securities, to the United States or to the governments of Colombia or Brazil.

4.	Any and all payments towards the Forfeiture Money Judgment shall be made by bank or certified check(s) made payable to the "United States Marshals Service, EDNY," include the criminal action number CR 04- 1064 (S-3)(SJT) on the face of the check(s), and delivered by hand or overnight mail to the United States Attorney's Office, EDNY, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

5.	The defendant shall fully assist in effectuating the surrender and forfeiture of all Foreign Properties and Forfeited Properties to the United States or to the governments of Colombia or Brazil and take whatever steps are necessary to ensure that clear title thereto passes to either the United States or the governments of Colombia or Brazil.  The defendant has acknowledged that he is the real owner of the Foreign Properties and Forfeited Properties, and that any third party whose name may be associated with the properties is a nominal or straw owner only.  The defendant shall execute any documents necessary to effectuate the surrender and forfeiture of the Forfeiture Money Judgment, Foreign Properties and Forfeited Properties to the United States or the governments of Colombia or Brazil.  The defendant shall not file or interpose any claim, or assist others to file or interpose any claim, to the Foreign Properties, the Forfeited Properties, or any property against which the Government seeks to execute the Forfeiture Money

Judgment in any administrative or judicial proceeding, in either the United States, Colombia, or Brazil.  Further, the defendant shall fully assist the government in the defense of any third-party claim to the Foreign Properties, the Forfeited Properties, or any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.  The defendant shall repatriate to the United States any and all assets located outside of the United States to satisfy the Forfeiture Money Judgment, including, but not limited to, any and all Foreign Properties, Forfeited Properties and assets located in Colombia, Brazil, Lichtenstein, or elsewhere.

6.  The failure of the defendant to forfeit any monies or properties as required under his plea agreement and this Order, or the failure of the defendant to disclose in his November 18, 2009 Financial Disclosure Statement any assets in which he has any direct or indirect control over, shall constitute a material breach of his plea agreement, as well as a violation of this Order, and the United States shall, <u>inter alia</u>, forfeit any and all such undisclosed assets, in addition to the Forfeiture Money Judgment.

7.  The defendant has knowingly and voluntarily waived his right to any required notice concerning forfeiture of the monies and properties forfeited hereunder, including notice set forth in an indictment or information.  The defendant has

knowingly and voluntarily waived his right, if any, to a jury trial on the forfeiture of said monies and properties, and waived all constitutional, legal, and equitable defenses to the forfeiture of said monies and properties, including, but not limited to, any defenses based on principles of double jeopardy, the ex post facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. This Order is binding on the defendant, and any and all his successors, heirs, and assigns.

9. This Order is only effective upon it being "so ordered" by the United States District Court for the Eastern District of New York and/or the United States District Court for the District of Columbia.

10. The district courts shall retain jurisdiction over this action.

11. Pursuant to 18 U.S.C. § 3554 and Fed. R. Crim. P. 32.2, this Order of Forfeiture shall be made a part of the defendant's sentence and included in the final Judgment.

12. The Clerk of Court shall forward five certified copies of this order to United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      March    , 2010

**SO ORDERED:**

_____
HONORABLE SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK